IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | |
|---|---|
| MAISA PROPERTY, INC., § | |
| § | |
| Plaintiff, § | |
| Counter-Defendant, § | |
| § | |
| VS. § | NO. 4:12-CV-066-A |
| § | |
| CATHAY BANK, § | |
| § | |
| Defendant, § | |
| Counter-Plaintiff, § | |
| Third-Party § | |
| Plaintiff § | |
| § | |
| VS. § | |
| § | |
| NABIL KHATIB, § | |
| Third-Party § | |
| Defendant. § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is a motion to strike and a motion to dismiss for failure to state claim filed on March 22, 2012, by defendant Cathay Bank ("Cathay"). The motion to strike requests that the court strike the pleading filed on March 6, 2012, by plaintiff, Maisa Property, Inc. ("Maisa"), titled "Plaintiff's First Amended Petition," because the amended pleading improperly added Cathay employee Sushma Malhotra as a new defendant. The motion to dismiss seeks to dismiss the fraud and negligent misrepresentation claims asserted by Maisa against Cathay in the amended pleading. Having considered the parties' filings, the

Case 4:12-cv-00066-    Document 19   Filed 05/02/12    Page 2 of 11   PageID 505

record, and the applicable legal authorities, the court concludes that the motion to strike and the motion to dismiss should both be granted.

I.

Background

The background of this case is as follows: Maisa initiated this action by the filing of its original petition in the District Court of Tarrant County, 67th Judicial District, in case No. 067-252964-11, on May 18, 2011. Maisa alleged claims for breach of contract, fraud, negligent misrepresentation, trespass to real property, and void deed. Cathay removed the action to this court on June 17, 2011. On June 24, 2011, Cathay filed a motion to dismiss Maisa's petition for failure to state a claim pursuant to Rule 9(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. On that same day, Cathay also filed counterclaims against Maisa, along with a third-party complaint against Nabil Khatib ("Khatib"). The court remanded the case to the state court from which it was removed on October 6, 2011, because of the failure of Cathay to persuade the court that subject matter jurisdiction existed.

On February 1, 2012, Cathay again removed the action to this court, alleging that the court had subject matter jurisdiction because of complete diversity of citizenship between Cathay,

Maisa, and Khatib[1] and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(a). As support for this allegation, Cathay pointed to an admission made by Maisa that the amount of damages it seeks to recover in this case from Cathay exceeds $75,000, exclusive of interest and costs. App'x to Notice of Removal at 6. That admission was made in response to Cathay's request for admissions.

Cathay filed a motion to dismiss the fraud and negligent misrepresentation claims in Maisa's pleading on February 13, 2012. In its order of February 14, 2012 ("Feb. 14 Order"), the court concluded that the grounds of the motion to dismiss were meritorious, but that Maisa should be afforded an opportunity to file an amended complaint. With respect to the amended complaint, the court's Feb. 14 Order stated:

> . . . . Maisa should file an amended complaint that complies with the requirements of Rule 8(a), Rule 10, and, if applicable, Rule 9, of the Federal Rules of Civil Procedure, and with the Local Civil Rules of the United States District Court for the Northern District of Texas.
> . . . .
> The court further ORDERS that Maisa by March 6, 2012, (1) file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local

---

[1] Maisa and Khatib are Texas citizens, and Cathay is a citizen of California. The joinder of Khatib, as a third-party defendant with the same citizenship as the plaintiff, does not destroy diversity jurisdiction. See Boone v. Gen. Motors Acceptance Corp., 682 F.2d 552, 553 (5th Cir. 1982).

3

> Civil Rules of the United States District Court for the Northern District of Texas, and (2) serve the amended complaint on Cathay.

Feb. 14, 2012 Order at 3.

On March 6, 2012, Maisa filed a pleading titled "Plaintiff's First Amended Petition," that for the first time included as a defendant Sushma Malhotra ("Malhotra"), a Cathay employee. The amended pleading asserted claims against Cathay for breach of contract, negligent misrepresentation, trespass, void deed, and negligent hiring and retention, as well as claims against Malhotra for negligence and breach of the duty of good faith and fair dealing. See Pl.'s First Am. Pet.

On March 22, 2012, Cathay filed a motion to strike the amended pleading, and a motion to dismiss to dismiss the fraud and negligent misrepresentation claims asserted by Maisa against Cathay in the amended pleading.

II.

Motion to Strike

The court first turns to Cathay's motion to strike Maisa's amended pleading. It is apparent to the court that Maisa's amended pleading exceeds the scope of the Feb. 14 Order. The Feb. 14 Order did not authorize Maisa to add a new defendant to its amended complaint. That is to say, nothing in the above-quoted portion of the Feb. 14 Order permits the inclusion of

4

Malhotra as a defendant. Plaintiff has not obtained written consent from Cathay or sought leave of the court to amend its pleading in order to add Malhotra, and the court does not believe there is any reason for the court to grant leave for such a purpose. See Fed. R. Civ. P. 15(a)(2). The addition of Malhotra as a new, potentially non-diverse defendant simply appears to be an attempt by Maisa to destroy the basis of the court's subject matter jurisdiction over this action.

III.

Motion to Dismiss

The court now turns to the renewed motion to dismiss filed by Cathay. The motion to dismiss argues that the fraud and negligent misrepresentation claims should be dismissed for failing to state a claim upon which relief may be granted. In evaluating this argument, the court first considers the pleading standards, and then applies the standards to the amended pleading.

A. The Rule 8(a)(2) Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair

5

notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. See Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 129 S. Ct. at 1950. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

6

B.  Applying the Standards to the Amended Pleading

Proceeding only on the basis of the information before the court in Maisa's amended pleading, the court finds that the allegations concerning fraud and negligent misrepresentation fall short of the pleading standards. Maisa's claims fails to meet the standard set forth in Rule 8(a)(2), as interpreted by the Supreme Court in Twombly and Iqbal. The court agrees with Cathay that the allegations concerning these claims are nothing more than conclusory assertions. The amended pleading contains inadequate factual allegations to support the fraud and negligent misrepresentation claims and is therefore insufficient to give Cathay notice of Maisa's claims against it.

1.  Common-Law Fraud Claim

The court first considers the fraud claim. Maisa has not stated a claim for common-law fraud. To state a claim for fraud, plaintiff must allege that: (1) the defendant made a false material representation; (2) knowingly or recklessly; (3) that was intended to induce plaintiff to act upon the representation; and (4) plaintiff actually and justifiably relied upon the representation and suffered injury. Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co., 51 S.W.3d 573, 577 (Tex. 2001).

7

Additionally, Maisa's fraud claim is governed by the pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure. See Lone Star Fund V (U.S.), LP v. Barclays Bank PLC, 594 F.3d 383, 387 n.3 (5th Cir. 2010). Rule 9(b) of the Federal Rules of Civil Procedure requires "a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Herrmann Holdings Ltd. v. Lucent Techs. Inc., 302 F.3d 552, 564-65 (5th Cir. 2002) (internal quotation marks and citations omitted). To satisfy this requirement, plaintiff must allege "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." Tuchman v. DCS Commc'ns Corp., 14 F.3d 1061, 1068 (5th Cir. 1994) (internal quotation marks omitted).

Maisa's allegations of fraud fail to satisfy Rule 9(b)'s heightened pleading requirements. The court cannot pinpoint a single instance where Maisa has alleged all of the requisite elements for fraud: the content of the false representation, the identity of the speaker, the benefit obtained by that speaker, and the date the representation was made. In fact, almost all of the allegations concerning Maisa's communications with Cathay are not accompanied by any specific date or description of the

speaker's identity. Incomplete identifications of the speaker and vague references to the date are simply not sufficient to give Cathay fair notice of when the allegations took place. Although in two instances Maisa identifies the speaker and the date of the statement, Maisa still does not satisfactorily explain what would support a conclusion that Maisa justifiably relied on any of the statements mentioned. Lewis v. Bank of Am. N.A., 343 F.3d 540, 546 (5th Cir. 2003). The allegations therefore fail to satisfy the Rule 9(b) heightened pleading requirements for fraud.

Maisa is not entitled to any relief, and accordingly, its common-law fraud claim is being dismissed.

2. Negligent Misrepresentation Claim

The court now evaluates the negligent misrepresentation claim. Maisa's negligent misrepresentation claim is based on the same factual allegations underlying its fraud claim. Thus, the negligent misrepresentation claim is likewise governed by the pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure. See Lone Star Fund V (U.S.), LP v. Barclays Bank PLC, 594 F.3d 383, 387 n.3 (5th Cir. 2010) ("[T]his court has applied the heightened pleading requirements [of Rule 9(b)] when the parties have not urged a separate focus on the negligent misrepresentation claims such as when fraud and negligent

9

misrepresentation claims are based on the same set of alleged facts.") (internal quotation marks omitted).

As the court already discussed, Maisa has failed to allege all of the pleading requirements with specificity. In the absence of these necessary elements, such as the identity of the speaker and the date of the alleged misrepresentation, Maisa has not given Cathay sufficiently fair notice of when the allegations took place. Maisa's claim for negligent misrepresentation is therefore being dismissed.

IV.

Conclusion

Therefore,

The court ORDERS that Sushma Malhotra be, and is hereby, stricken from Maisa's amended pleading filed on March 6, 2012, so that Sushma Malhotra is not a party to this action.

The court further ORDERS that the fraud and negligent misrepresentation claims asserted by Maisa against Cathay be, and are hereby, dismissed with prejudice.

The court further ORDERS that the motion filed by Cathay on April 25, 2012, titled "Unopposed Motion by Cathay Bank to Extend Time for Sushma Malhotra to File Rule 12 Motions or a Responsive Pleading," be, and is hereby, denied as moot.

SIGNED May 2, 2012.

_____
JOHN McBRYDE
United States District Judge